IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NORTEL NETWORKS LIMITED,

    Plaintiff,

    v.                                       Civil Action No.: RDB 06-1941

JAC COMMUNICATIONS, et. al.,

    Defendants.

## MEMORANDUM OPINION

Currently pending before this Court is Plaintiff Nortel Networks Limited's ("Nortel") *Ex Parte* Motion for an Order Temporarily Sealing its Complaint and Related Pleadings. For the reasons set forth below, this motion is DENIED.

In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), the Supreme Court recognized a common law right to inspect and copy judicial records and documents. This right, however, is not absolute. A district court "may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). In weighing such interests, a district court must give due weight to the presumption favoring public access. *Id.*; *see also Stone v. Univ. of Maryland Medical System Corp.*, 855 F.2d 178, 182 (4th Cir. 1988) ("The public's right of access to judicial records and documents may be abrogated only in unusual circumstances").

In this copyright and trade secrets case, Plaintiff moves to temporarily seal its Complaint and related pleadings because "there is strong evidence that Defendants will conceal or destroy evidence if they are given advance notice of Nortel's intentions to enforce its rights against

them." (Pl.'s Mem. Supp. Mot. Seal pp. 2-3.) Specifically, Plaintiff alleges that Defendants JAC Communications, Inc., Jason A. Carter, and Alternative Voice Communications, Inc. ("Defendants") have engaged in a "clandestine scheme" to sell Nortel products and upgrades without detection. (*See* Pl.'s Mem. Supp. Mot. TRO p. 5   For example:

> It is very important to note, in this connection, that [Defendant] Carter's advertisement, attached hereto as Exhibit "E", requires discretion, confidentiality and secrecy with respect to orders for keycode upgrades. This indicates clearly that [Defendant] Carter does not want his marketing of the keycode upgrades to be publicized or to be discovered by Nortel.

(McGuire Aff. ¶ 19; *see also* Nguyen Aff. ¶ 8 ("It is also my opinion that if given notice of a lawsuit by Nortel, Jason Carter will destroy evidence of his wrongdoing.").) Accordingly, Plaintiff requests that "Defendants [not be] given notice of this lawsuit until Nortel is given an opportunity to search Defendants' places of business." (Pl.'s Mem. Supp. Mot. Seal p. 2.)

After considering Plaintiff's papers, this Court concludes that Plaintiff's interest in guarding against the possibility that Defendants will conceal or destroy evidence is outweighed by the public's right of access. First, Plaintiff's request for the issuance of a private search and seizure warrant has already been denied.[1] (*See* Order, July 28, 2006 p. 1.) As a result, it is not clear that sealing Plaintiff's Complaint and related pleadings would secure Plaintiff's desired benefit of depriving Defendants of notice prior to conducting a search of their businesses. Second, although the evidence forecast by Plaintiff indicates a *general* concern that Defendants

---

[1] On July 28, 2006, Chief Judge Legg of this Court denied Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order. Among the reasons given by Judge Legg for denying Plaintiff's motion is the following: "Nortel learned of Mr. Carter's alleged software piracy on September 20, 2005, over ten months ago. Nortel has not explained why it waited so long to before filing suit." (Order, July 28, 2006 p. 1.)

may conceal or destroy relevant evidence, this concern is not sufficiently *specific* to warrant sealing court documents. Many of the cases that come before this Court are brought by parties who worry about the concealment or destruction of evidence. Although this concern is understandable, court documents are not usually sealed in such cases.[2]

For the reasons above, Plaintiff's *Ex Parte* Motion for an Order Temporarily Sealing its Complaint and Related Pleadings is DENIED. Plaintiff will have until August 25, 2006 to withdraw its Complaint and related pleadings.[3] If Plaintiff decides not to withdraw its papers by this date, they will be unsealed. A separate Order follows.

Dated: August 21, 2006

/s/ *Richard D. Bennett*
Richard D. Bennett
United States District Judge

---

[2]     The United States Court of Appeals for the Fourth Circuit has held that, before a district court may seal any court documents, it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *See Knight*, 743 F.2d at 235-36; *Stone*, 855 F.2d at 181. These procedures "must be followed when a district court seals judicial records or documents." *Stone*, 855 F.2d at 179-80; *see also* Local Rule 105.11 (D. Md. 2004) ("The Court will not rule upon the motion until at least 14 days after it is entered on the public docket to permit the filing of objections by interested parties."). For obvious reasons, even if this Court were inclined to grant Plaintiff's motion to seal its Complaint and related pleadings, it could not follow the procedures required by *Knight*, *Stone*, and this Court's local rules without rendering Plaintiff's request to seal court documents pointless.

[3]     *See* Local Rule 105.11 (D. Md. 2004) ("Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials.").